**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4255**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OLUBUNMI OLADAPO KOMOLAFE, a/k/a Dapson,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Anthony John Trenga, District Judge.  (1:11-cr-00388-AJT-3)

Submitted:  December 21, 2012     Decided:  January 8, 2013

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Flynn M. Owens, RUBIN & OWENS, P.A., Baltimore, Maryland, for Appellant.   Neil H. MacBride, United States Attorney, Shayna A. Hutchins, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olubunmi Oladapo Komolafe appeals his conviction of conspiracy to commit access device fraud and aggravated identity theft. He contends that the district court abused its discretion by allowing the Government to admit evidence of conduct that predated the start date in the indictment. We affirm.

The indictment charged that the conspiracy operated "[f]rom at least January 2010 through in or about June 2011." Prior to trial, the Government provided notice that it intended to introduce evidence of the conspiracy that occurred before January 2010. Specifically, the Government intended to present evidence that, as far back as 2006, Komolafe recruited restaurant workers to use a skimmer device to obtain credit card information from customers at the restaurants. Komolafe re-encoded credit cards with the card numbers provided by his recruits. The re-encoded cards were then used to purchase gift cards at various retail establishments, and the purchased gift cards were used to purchase merchandise that Komolafe or his "runners" would return for a cash refund.

Over Komolafe's objection to the admission of the evidence, the court ruled that it was likely to be intrinsic evidence because it "appears to provide context and background for the conspiracy." The court concluded that the evidence was

2

admissible, "subject to anything that might cause the court to reconsider based on the evidence."

When the Government introduced this evidence during the trial, Komolafe did not object. This court reviews the district court's evidentiary rulings for abuse of discretion. United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996). However, where a party fails to object to the admission of evidence, our review is for plain error. United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996) (citations omitted).

We have reviewed the record and conclude that the district court did not err in determining that the evidence provided context and background for the conspiracy and was intrinsic to the charged conspiracy. See Chin, 83 F.3d 88; United States v. Kennedy, 32 F.3d 876 (4th Cir. 1994) (holding that Fed. R. Evid. 404(b) does not restrict evidence of crimes that arose out of the same series of transactions as the charged offense or that are necessary to complete the story of the charged crime). Further, the evidence was not unfairly prejudicial to Komolafe's case, and therefore the district court did not plainly err in admitting it. See United States v. Williams, 445 F.3d 724, 730 (4th Cir. 2006) (ruling that evidence should be excluded under Fed. R. Evid. 403 as unfairly prejudicial "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior" and the risk is

3

"disproportionate to the probative value of the offered evidence.") (citations omitted).

We therefore affirm the district court's decision and affirm Komolafe's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4